
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ADVANCED TECHNOLOGY INCUBATOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHARP CORPORATION, et al., <br><br> Defendants. | § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 5:09-CV-135 |

**O R D E R**

Before the Court are Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge Regarding ATI's Motion for Summary Judgment Regarding Defendants' Affirmative Defenses. Dkt. No. 361. Also before the Court are Defendants' response, Plaintiff's reply, and Defendants' sur-reply. Dkt. Nos. 385, 405, & 420. Having considered the briefing and all relevant papers and pleadings, the Court finds that Plaintiff's Objections should be OVERRULED and that the Report and Recommendation of the magistrate judge should be ADOPTED. Plaintiff's Motion for Summary Judgment Regarding Defendants' Affirmative Defenses should accordingly be GRANTED IN PART and DENIED IN PART in accordance with the Report and Recommendation.

**I.  DISCUSSION**

ATI brings suit alleging infringement of United States Patent Nos. Re. 37,682 ("the '682 Patent") and Re. 36,711 ("the '711 Patent"). Plaintiff moves for summary judgment on the

following defenses: laches, acquiescence, waiver, estoppel, 35 U.S.C. § 286 (statute of limitations on damages), 35 U.S.C. § 287 (marking), and 35 U.S.C. § 288 (re: costs where a claim invalid). *See* Dkt. No. 255. On September 4, 2009, United States Magistrate Judge Barry Bryant entered a Report and Recommendation ("R&R") on Plaintiff's Motion for Summary Judgment Regarding Defendants' Affirmative Defenses. Dkt. No. 334. The R&R recommends granting summary judgment in Plaintiff's favor as to all of these defenses except laches and estoppel. Defendants have not objected to the R&R as to the recommended grants of summary judgment. Plaintiff objects to the R&R as to the denial of summary judgment on laches and estoppel. *See* Dkt. No. 361.

**A. Laches**

The R&R recommends denying Plaintiff's motion for summary judgment as to laches. Dkt. No. 334 at 4-6. Plaintiff objects, arguing that it "did not delay in filing suit against Defendants or in seeking a Certificate of Correction for Claim 26 [of the '711 Patent]." Dkt. No. 361 at 2.[1]

Plaintiff filed the above-captioned case on October 29, 2007, alleging infringement of the '682 Patent. *See* Complaint, Dkt. No. 1. Not until March 10, 2008 did Plaintiff amend its complaint to allege infringement of the '711 Patent (which issued before the '682 Patent issued). *See* Amended Complaint, Dkt. No. 20. As to delay in filing suit, the R&R noted that "[a]ccording to Plaintiff's Motion, DNP issued a news release evidencing possible infringement

---

[1] A Certificate of Correction is a document issued by the United States Patent and Trademark Office to address a patentee's "mistake" contained in a patent. *See* Manual of Patent Examining Procedure, 8th ed., rev. 7, ("MPEP") at § 1481 (July 2008). The Court previously addressed the Certificate of Correction in its June 26, 2009 Order on objections to Judge Bryant's March 11, 2009 Claim Construction Order. *See* Dkt. No. 191 at 29-47.

on or about August of 2006." Dkt. No. 334 at 5.  The R&R also noted that "Plaintiff may have been on notice of the alleged infringement as early as December 19, 2004, when Sharp announced its plans to open a new LCD manufacturing plant in Kameyama, Japan." *Id.* at 6.  *Id.*  Plaintiff objects that importation or sale in the United States did not occur until October 2006, so until then there was no infringing act to accuse.  Dkt. No. 361 at 3-4.  Plaintiff also submits that it did not acquire the patents until December 2006, after which Plaintiff promptly gave notice of the alleged infringement in early 2007.  *Id.* at 4.

On one hand, the purported delay appears to be less than six years and therefore is not afforded any presumption for laches.  *See A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1034-35 (Fed. Cir. 1992).  On the other hand, Defendants have put forth some evidence of the patentee's delay in filing suit.  As to prejudice caused by delay, Defendants have submitted evidence of their investment in manufacturing during Plaintiff's delay.  *See* Dkt. No. 334 at 6.

The R&R also noted that although the '711 Patent issued in May 2000, the patentee waited until November 2007 to seek a Certificate of Correction.  Dkt. No. 334 at 5-6.  This seven-year delay may be probative of laches, particularly given the patentee's position that the error was clear on the face of the '711 Patent.  *See* Pl.'s Resp. to DNP's Objs. to Claim Construction Order, Dkt. No. 130 at 10.  As to prejudice caused by delay, here again Defendants submit evidence of their investment in manufacturing during Plaintiff's delay.  *See* Dkt. No. 334 at 6.

On balance, the R&R properly found sufficient evidence to overcome summary judgment as to laches.

**B. Estoppel**

The R&R recommends denying Plaintiff's motion for summary judgment as to estoppel. Dkt. No. 334 at 10-11. Plaintiff objects, emphasizing that Plaintiff did not acquire the patents-in-suit until December 2006 and that Defendants have no evidence that Plaintiff "was aware of an error in the patent and/or misled Defendants." Dkt. No. 361 at 6. The R&R noted that the patentee's delay in seeking a Certificate of Correction may constitute delay during which Defendants relied upon the patentee's inaction and made substantial manufacturing investments. Dkt. No. 334 at 10-11. The R&R properly found sufficient evidence to overcome summary judgment as to estoppel.

**C. Conclusion**

On balance, Defendants have put forth sufficient evidence as to laches and estoppel to overcome summary judgment. Plaintiff's motion for summary judgment should be DENIED IN PART as to laches and estoppel, and the Court ADOPTS the R&R in this regard.

Because no other objections have been filed, the Court further ADOPTS the remainder of the R&R. Plaintiff's motion for summary judgment should therefore be GRANTED IN PART as to acquiescence, waiver, 35 U.S.C. § 286 (statute of limitations on damages), 35 U.S.C. § 287 (marking), and 35 U.S.C. § 288 (re: costs where a claim invalid).

## II.  CONCLUSION

For at least the foregoing reasons, Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge Regarding ATI's Motion for Summary Judgment Regarding Defendants' Affirmative Defenses (Dkt. No. 361) are hereby **OVERRULED**, and the Report and Recommendation (Dkt. No. 334) is hereby **ADOPTED**. Plaintiff's Motion for

Summary Judgment Regarding Defendants' Affirmative Defenses (Dkt. No. 255) is therefore hereby: **GRANTED IN PART** as to acquiescence, waiver, 35 U.S.C. § 286 (statute of limitations on damages), 35 U.S.C. § 287 (marking), and 35 U.S.C. § 288 (re: costs where a claim invalid); and **DENIED IN PART** as to laches and estoppel.

   **IT IS SO ORDERED.**

   **SIGNED this 24th day of February, 2010.**

 

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE